

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR 03-30041 |
| -vs- | OPINION AND ORDER |
| WILLIAM T. CARTER, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was convicted in October 2003 of one count of abusive sexual contact with his 17 year old step-daughter, one count of abusive sexual contact with a 14 year old friend of his grand-daughters, two counts of abusive sexual contact with his 13 year old grand-daughter, two counts of sexual abuse of that same child, and one count of incest with that same child. He was sentenced on June 18, 2004, to a total term of 360 months custody, which was within the advisory guideline range of 324 - 405 months.

Defendant appealed his convictions and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed the convictions but remanded for re-sentencing based upon an error with respect to grouping counts involving his grand-daughter. United States v. Carter, 410 F.3d 1017 (8th Cir. 2005). Defendant was re-sentenced on December 5, 2005, to a total term of 295 months custody, which was within the re-calculated advisory guideline range of 262 - 327 months.

Defendant appealed his sentence and the Eighth Circuit affirmed on June 18, 2007. United States v. Carter, 490 F.3d 641 (8th Cir. 2007). On June 17, 2008, a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was filed, allegedly on behalf of defendant. Defendant did not sign the motion. It was signed by Tisa Carter (mother of the 17 year old victim of abusive sexual contact as charged in Count I) who signed as "POA" and set forth that defendant was acting "by and through counsel." Tisa Carter is not an attorney licensed

in the state of South Dakota. She states that defendant is currently in the custody of the Bureau of Prisons ("BOP") in Eagle Butte, South Dakota. However, BOP records indicate that the defendant was, at the time the motion was filed, incarcerated at the Allenwood Federal Correctional Complex, which is a medium security facility and part of the Allenwood Federal Correctional Institution located in White Deer, Pennsylvania.[1] A memorandum of law in support of the motion to vacate was also filed on June 17, 2008. That document, which was filed in violation of D.S.D. LR 7.2(B), was also signed by "Tisa Carter POA."

Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a motion to vacate must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." The United States Supreme Court has held that this rule authorizes a "next friend" to pursue a habeas corpus action on behalf of a detained person. Whitmore v. Arkansas, 495 U.S. 149, 153, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990).

> Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Id. at 163-164, 110 S.Ct. at 1727 (internal citations omitted).

The Supreme Court "conclude[d] that one necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Whitmore v. Arkansas, 495 U.S. at 165, 110 S.Ct. at 1728. Tisa Carter has not set

---

[1] He has since been transferred to the Federal Transfer Center in Oklahoma City awaiting re-assignment to another facitily.

forth what, if any, reason prevented William Carter from signing his own motion to vacate. Upon my request, the Clerk of Courts contacted Tisa Carter and requested documentation entitling her to initiate an action on behalf of the defendant. She provided a copy of a "limited power of attorney" signed by the defendant in 2003. Such documentation is not sufficient under <u>Whitmore v. Arkansas</u> to satisfy her burden to show that she has standing to pursue a motion to vacate on behalf of defendant.

Based upon the foregoing,

IT IS ORDERED that Tisa Carter shall, by no later than September 1, 2008, file documentation setting forth why the defendant did not or could not sign a timely filed motion to vacate.

Dated this 31st day of July, 2008.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara Joseph*
DEPUTY
(SEAL)

3