
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 03-30041 |
| | \* | |
| Plaintiff, | \* | OPINION AND ORDER ADOPTING |
| -vs- | \* | REPORT AND RECOMMENDATION |
| | \* | AND DENYING |
| WILLIAM T. CARTER, | \* | MOTION TO VACATE SENTENCE |
| | \* | AND ORDER DENYING |
| Defendant. | \* | CERTIFICATE OF APPEALABILITY |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was convicted of abusive sexual contact, sexual abuse of a minor, and incest. He was sentenced to a total term of 360 months custody. Defendant appealed his convictions and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed the convictions but remanded for re-sentencing based upon an error with respect to grouping counts. United States v. Carter, 410 F.3d 1017 (8th Cir. 2005). Defendant was re-sentenced on December 5, 2005, to a total term of 295 months custody. Defendant appealed his sentence and the Eighth Circuit affirmed on June 18, 2007. United States v. Carter, 490 F.3d 641 (8th Cir. 2007).

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contending there had been (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, and (3) discovery of evidence that one of the victims recanted her trial testimony. The Court submitted the above-entitled matter to U.S. Magistrate Judge Mark A. Moreno and the magistrate judge submitted his report and recommendations (Doc. 193) to the Court on April 22, 2009. The report and recommendations were served on the petitioner as required by 28 U.S.C. § 636. Petitioner timely filed objections (Doc. 195). The Court has conducted a *de novo* review of the file.

Defendant objects to the magistrate's conclusion that trial counsel was not ineffective in failing to file a motion for a new trial based upon one of the victim's alleged recantation of her trial testimony. The Eighth Circuit "view[s] with suspicion motions for new trial based on the

recantation of a material witness because '[t]he stability and finality of verdicts would be greatly disturbed if courts were too ready to entertain testimony from witnesses who have changed their minds, or who claim to have lied at the trial.'" United States v. Rouse, 410 F.3d 1005, 1009 (8th Cir. 2005) (*quoting* United States v. Grey Bear, 116 F.3d 349, 350 (8th Cir.1997)). "This skepticism 'is especially applicable in cases of child sexual abuse where recantation is a recurring phenomenon,' particularly 'when family members are involved and the child has feelings of guilt or the family members seek to influence the child to change her story.'" United States v. Rouse, 410 F.3d at 1009 (*quoting* United States v. Provost, 969 F.2d 617, 621 (8th Cir.1992)).

> To receive a new trial, the movant must show that "the newly discovered evidence is of such a nature that, in a new trial, [it] would probably produce an acquittal." *United States v. Papajohn*, 212 F.3d 1112, 1118 (8th Cir.2000) (quotation omitted). When the claim of newly discovered evidence is based on a recantation, the district court must first determine whether the recantation is credible. In this regard, "the real question ... is not whether the district judge believed the recantation, but how likely the district judge thought a jury at a second trial would be to believe it." *Grey Bear*, 116 F.3d at 350. Our review of this credibility finding for clear error is extremely deferential. *See Grey Bear*, 116 F.3d at 351.

United States v. Rouse, 410 F.3d at 1009. "[R]ecanted testimony that bears on a victim's credibility or directly on the defendant's guilt will warrant a new trial if it would probably produce an acquittal on retrial." United States v. Dogskin, 265 F.3d 682, 685 (8th Cir. 2001) (*citing* Lewis v. Erickson, 946 F.2d 1361, 1362 (8th Cir. 1991)).

An evidentiary hearing is not necessary in this case because I am not convinced that evidence of the alleged recantation "would probably produce an acquittal on retrial." In fact, I am convinced to the contrary, namely that he would not be acquitted. The victim in Count I was the defendant's step daughter, KR, who was 16 or 17 years old at the time of the offense. She was living with her mother, Tisa Carter, and the defendant at the time of the offense. The alleged recantation did not come from the victim herself but is instead nothing but hearsay upon hearsay. The defendant's daughter, Darshan Carter-Barbosa, claims in an un-notarized statement that Tisa Carter told her that KH had recanted. The defendant's mother, Vivian Traversie, claims in an un-notarized statement that Tisa Carter told her that KH had recanted. Defendant's sister, Wanda Lind, claims in an un-notarized statement that Tisa Carter told her that KH had recanted. They

2

each acknowledge that Tisa Carter has more recently denied to defendant's attorney that KH had ever told Tisa that she lied at trial.

Defendant's trial counsel submitted a sworn affidavit acknowledging that Darshan Carter-Barbosa told her about the victim's alleged recantation shortly after trial. However, the victim herself would not speak to defense counsel's investigator to verify the alleged recantation. Further, claims by the defendant's family that KH had lied about being sexually abused were not new, having been made prior to trial as well. Eight months after the trial, the victim did submit to an interview and denied that she had ever recanted, reiterated that she had told the truth at trial, and acknowledged that she believed that her mother, Tisa Carter, did in fact tell others that KH had lied at trial. Of course, Tisa Carter testified on behalf of the defendant at trial and testified contrary to KH's testimony, the implication being that KH was lying at trial. Therefore, an alleged claim by Tisa Carter that KH lied at trial is not new evidence.

The evidence that the victim recanted shortly after the first trial would be mere impeachment, if it was admissible at all at a re-trial. Defendant has produced no affidavit from the victim herself that she in fact has recanted her trial testimony. Defendant has produced no affidavit from the victim's mother, Tisa Carter, claiming that the victim recanted to her. The alleged recantation is not credible. I do not believe that a second jury would find the alleged recantation credible. Given the evidence, or lack thereof, of the victim's alleged recantation, defense counsel was not ineffective in failing to move for a new trial on the basis of KH's alleged recantation.

Defendant objects to the magistrate's failure to find that the cumulative effect of trial counsel's errors sufficiently undermined the outcome of the proceeding. He cites to a Seventh Circuit opinion in support of this claimed error. The United States Court of Appeals for the Eighth Circuit has "repeatedly rejected the cumulative error theory of post-conviction relief." United States v. Brown, 528 F.3d 1030, 1034 (8th Cir. 2008).

I was the trial judge and observed counsel. I also heard all the evidence and arguments. I find that the report and recommendation of the magistrate judge should be accepted and the motion to vacate should be denied.

The magistrate did acknowledge that I erred in sentencing the defendant to 36 months on Count VII. The statutory maximum penalty for abusive sexual contact as charged in Count VII is 24 months. 18 U.S.C. § 2244(a)(3). That matter was never raised by counsel for either party nor by the appellate court despite two separate sentencing appeals. Nonetheless, it is plain error. It does not affect the sentence the defendant will serve as the sentence on Count VII was ordered to run concurrently with the sentence on another count. The error does not entitle the defendant to vacation of the conviction but will be corrected by an amended judgment.

Based upon the foregoing,

IT IS ORDERED:

1. The report and recommendations of the U.S. Magistrate Judge, Doc. 193, shall be and are hereby adopted as the findings of fact and conclusions of law herein.

2. The defendant's objections, Doc. 195, are overruled.

3. The motion to vacate, set aside, or correct defendant's conviction and sentence, as amended, Docs. 156, 177, and 179, is denied.

4. The Clerk of Courts shall prepare an amended judgment showing that the sentence as to Count VII is 24 months, concurrent to Count IV.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct sentence. No certificate of appealability will be granted. 28 U.S.C. § 2253(c). This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 9th day of June, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

4